**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**EDWARD REYNOLDS,**

*Plaintiff*,

v. Case No. 2:24-cv-02664-BCL-cgc

**MAKOWSKY, RINGEL, AND GREENBERG, LLC,**

*Defendant*.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is Magistrate Judge Charmiane Claxton's Report and Recommendation, submitted on August 11, 2026.[1] Doc. 29. The Report recommends that Defendant's February 21, 2026, Motion for Summary Judgment (Doc. 59) be granted. Doc. 77 at 11. Plaintiff filed timely objections to the Magistrate Judge's recommendation. Doc. 78. Plaintiff also requested, and was granted, leave to file a limited supplement to his specific objections. Docs. 79-81. After that, Defendant responded to Plaintiff's objections. Doc. 84. Plaintiff then requested, and was granted, leave to file a limited reply to Defendant's response to Plaintiff's objections. Docs. 85-87. For the reasons that follow, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's objections (Doc. 78) and **ADOPTS** the Report and Recommendation as modified by this Order. Doc. 77. Defendants' Motion for Summary Judgment (Doc. 59) is **GRANTED**.

---

[1] The case was originally assigned to Judge Mark S. Norris when it was filed in September 2024. Doc. 2. Judge Norris transferred the case to the undersigned on March 25, 2026. Doc. 73.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## ANALYSIS

The Court has reviewed the Report and the entire record in this matter, including Plaintiff's objections and, except as noted below, finds no error in the Magistrate Judge's analysis or conclusions.

**Objection 1:** Plaintiff contends that the Magistrate Judge improperly used Defendant's stated nondiscriminatory reasons for the termination to conclude that he was not qualified for the position and therefore could not make out a prima facie case. Doc. 78 at 4. Plaintiff invokes *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564 (6th Cir. 2003). In that case, the Sixth Circuit explained:

> [A] court may not consider the employer's alleged nondiscriminatory reason for taking an adverse employment action when analyzing the prima facie case. To do so would bypass the burden-shifting analysis and deprive the plaintiff of the opportunity to show that the nondiscriminatory reason was in actuality a pretext

> designed to mask discrimination. … At the prima facie stage, a court should focus on a plaintiff's *objective* qualifications to determine whether he or she is qualified for the relevant job. … The prima facie burden of showing that a plaintiff is qualified can therefore be met by presenting credible evidence that his or her qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field. Although the specific qualifications will vary depending on the job in question, the inquiry should focus on criteria such as the plaintiff's education, experience in the relevant industry, and demonstrated possession of the required general skills.

*Id.* at 574-76.

Under the *Wexler* standard, summary judgment on this issue is inappropriate. The Report and Recommendation relies on the conduct underlying Defendant's proffered reasons for the termination in deeming Defendant unqualified as a matter of law—an approach that is contrary to *Wexler*. And notably, while Plaintiff points to evidence that he was qualified and performing to Defendant's satisfaction (for example, leading to Defendant's representative stating that Plaintiff would be a "good fit" for his final position), Defendant responds with no evidence that Plaintiff conceded he was not meeting expectations, *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990), and in fact doubles down—without legal discussion—on evidence of insubordination of the sort underlying its stated nondiscriminatory reason for the termination.

On this record, based on the evidence and arguments presented by the Parties, Plaintiff's first objection is **SUSTAINED**.

**Objections 2-8, 11:** In these objections, Plaintiff challenges in various overlapping ways Magistrate Judge Claxton's conclusion that "there is no evidence in the record regarding any similarly situated person being treated differently than Plaintiff." Doc. 77 at 7. Plaintiff identifies two purported comparators, Ware and Fayard, who were not terminated. Doc. 78 at 5, and who failed to timely complete assignments. The core question raised by these myriad and overlapping objections is whether Ware and Fayard's workplace failures are materially similar to Defendant's workplace (mis)conduct to make them legally valid comparators.

They are not. Consider first Plaintiff's actions: During six weeks of employment, he threatened to resign twice and refused to carry a company cellphone, telling his manager that he was "fed up" and that she should "run tell" management that being on-call every weekend "was not going to happen with" him because he "had[] a life" and because Defendant did not pay him enough to be on call. Docs. 59-2 at 8-9, 69-2 at 19-20, 23-28. Now consider Plaintiff's claimed comparators: Based on the materials identified by the Parties, Ware did shoddy work that resulted in customer complaints (Doc. 78 at 8-9), and Fayard failed to timely complete work and on at least one occasion drove a vehicle despite having earlier been instructed not to do so (Doc. 78 at 9-10). Plaintiff's misconduct—his disrespect and insubordination to his manager—is simply not the same sort of misconduct in which Fayard and Ware engage, and as a result Fayard and Ware are not valid comparators. *See Tennial v. United Parcel Serv., Inc.,* 840 F.3d 292, 304 (6th Cir. 2016) ("[T]he plaintiff must show that the comparator is similarly situated in all relevant respects and has engaged in acts of comparable seriousness."); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir. 1992) ("As the Sixth Circuit has frequently phrased the requirements of a prima facie claim of disparate treatment using such a 'comparable non-protected person was treated better' element as one of the requisites, the plaintiff must produce evidence which at a minimum establishes (1) that he was a member of a protected class and (2) that for the same or similar conduct he was treated differently than similarly-situated non-minority employees."); *Wine v. Wal-Mart Stores, Inc.*, 173 F.3d 857 (6th Cir. 1999) ("The district court properly held that, as a matter of law, Wine was not similarly situated to Koon. Wine had access to the missing credit application, and she played a part in all of the Paducah store frauds. These facts are sufficient to establish a difference."). And, contrary to Plaintiff's argument, it makes no difference that all three men's actions might be labeled "insubordination under Defendant's policy"; a policy forbidding

physically striking a co-employee would not make a murderer and one who shoved a shift-mate comparators. It is the conduct that matters, and here Plaintiff's conduct is fundamentally different from that of Ware and Fayard.

These objections therefore are **OVERRULED**, and Plaintiff's discrimination claim fails with them.

**Objections 9-10, 12:** These objections concern other prerequisites for a prima facie case or matters downstream of or dependent on a prima facie case. Because no reasonable juror could find that Plaintiff has made out a prima facie case of discrimination for the reason already given, these objections are **OVERRULED** as moot.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation as modified by this Order. Doc. 77. Defendant's Motion for Summary Judgment (Doc. 59) is **GRANTED.** Entry of judgment will follow, and the Clerk **SHALL** close this case

**IT IS SO ORDERED**, this 13th day of October, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE